The opinion of the court was delivered by
Breaux, J.
The plaintiff was subrogated to the rights of the adjudicatee of property offered at auction. He made the usual deposit of ten per cent, with the auctioneer.
He sued for the cancellation of the adjudication and the return of the amount deposited, having ascertained, he avers, upon an examination of the title that it is defective, as it was bought from a divorced wife; that it was bought by her prior to the decree of divorce, and became part of the community existing before she obtained her divorce.
Defendant’s author married one Oohn about twenty-five years ago. Two weeks after the marriage he deserted his wife, ran away, and she has not heard from him since. She was a servant at Mobile, Ala., at the date of her marriage. Her employer testifies that to his knowledge she had a few thousand dollars — an amount larger than the amount she paid for the property involved in this case.
*965 She had obtained her divorce some time prior to the sale by her to the defendant.
The good faith of the defendant is not questioned. The record does not disclose that he knew that the property was acquired by his vendor during the existence of a former marriage.
The proof is that it was not community property. It was bought by Caroline Weil in 1883, and the act of sale to her does not show that she had ever been married at that time. She appeared in the act as a femme sole.
Having contracted a second marriage, in her act of sale to the defendant she was authorized by her second husband. It is evident that in her business transactions, at least, she was quite reticent regarding a first marriage.
Having bought the property with her separate funds, it is manifest that her first husband, if living, has no right to recover any portion of the property.
Much less could he recover the property from the defendant, a third person, who purchased from a wife (duly authorized by her second husband) who was the owner by purchases, in her name, prior to her second marriage.
Even without reference to the great lapse of time since the date of her first husband’s desertion and disappearance, the title is not defective.
But long acquiescence is in itself a factor which must add great weight to existing conditions.
The conclusion of the court had much less support in Wooters vs. Feeney, 12 An. 449, 450, and yet the sale was declared legal.
The court regarding the husband, pertinently says:
“ He lived apart from his wife, unknown to the world as her husband; permitted her to manage her affairs as a femme sole, contributed nothing to the common fund and during her lifetime did not pretend to have any interest in her affairs.
“ He can not, by parol evidence, succeed in despoiling the defendant, who is a purchaser for a valuable consideration of immovable property under a chain of recorded title apparently perfect, without notice, actual or constructive, of the plaintiff’s latent claim which has no basis in equity, and is the result of his own negligence or misconduct.”
*966 Such being the conclusion, under the state of facts in that case, we are convinced the judgment should be here affirmed.
It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed.